**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

MERCURY INDEMNITY COMPANY OF
AMERICA, individually and as assignee of
Gabrielle Gallagher, Dennis Gallagher, and
Loretta Gallagher,

                  Plaintiff,

v.

GREAT NORTHERN INSURANCE
COMPANY and RICHARDS ASSOCIATES
INC.,

                  Defendants.

Civil Action No. 19-14278 (MAS) (LHG)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

This matter comes before the Court upon Defendant Richards Associates, Inc.'s ("Richards") Motion to Dismiss Pursuant to Federal Rule of Civil Procedure[1] 12(b)(6) or, Alternatively, for Summary Judgment[2] ("Richards's Motion") (ECF No. 7), and Defendant Great Northern Insurance Company's ("Great Northern") Motion to Dismiss Pursuant to Rule 12(b)(6)

---

[1] Unless otherwise noted, all references to a "Rule" or "Rules" hereinafter refer to the Federal Rules of Civil Procedure.

[2] "On motions for summary judgment, the movant shall furnish a statement which sets forth material facts as to which there does not exist a genuine issue . . . . Each statement of material facts shall be a separate document (not part of a brief) . . . ." L. Civ. R. 56.1(a). Richards failed to furnish a proper statement of undisputed material facts with its motion for summary judgment. (*See* Richards's Sept. 9, 2019 Correspondence, ECF No. 14-1.) "A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L. Civ. R. 56.1(a). The Court, accordingly, does not consider Richards's alternative motion for summary judgment.

or, Alternatively, to Sever and Stay Count Two of Plaintiff's Complaint (ECF No. 9). Plaintiff Mercury Indemnity Company of America ("Plaintiff" or "Mercury"), individually and as an assignee of Gabrielle Gallagher, Dennis Gallagher, and Loretta Gallagher (collectively, the "Gallaghers"), opposed both motions. (ECF Nos. 11, 18.) Richards replied (ECF No. 15), and Great Northern did not reply. The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, the Court grants in part and denies in part Richards's Motion and denies Great Northern's Motion.

## I. BACKGROUND

### A. Factual Background[3]

Mercury, a primary insurer, brings this action on behalf of itself and the insured against the insured's insurance broker and their secondary insurer.

#### 1. The Policies

Richards, an insurance broker, procured for the Gallaghers the two insurance policies at issue. (Compl. ¶¶ 82–83, ECF No. 1.) The first policy—issued by Plaintiff—was a personal automobile insurance policy issued to Gabrielle Gallagher (the "Mercury Policy"). (*Id.* ¶ 10.) The second policy—issued by Great Northern—was issued to Dennis and Loretta Gallagher (the "Great Northern Policy"). (*Id.* ¶ 13.) Both policies covered a vehicle driven by Gabrielle Gallagher. (*Id.* ¶¶ 12, 16.) Pursuant to the Great Northern Policy's Required Primary Underlying Insurance Clause, Dennis and Loretta Gallagher were to maintain a minimum of $500,000 of underlying coverage. (*Id.* ¶ 15.)

---

[3] The Court accepts as true all well-pleaded factual allegations in the Complaint. *See Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

2

The Mercury Policy provided coverage with limits of $250,000 per person, $500,000 per accident for bodily injury, and $100,000 for property damage. (*Id.* ¶ 11.) The Great Northern Policy provided $2,000,000 for any one claim in excess of $500,000. (*Id.* ¶¶ 13–14.) Mercury alleges that Richards procured insurance that left a $250,000 gap between the Mercury Policy's limit of $250,000 and the $500,000 attachment point of the Great Northern Policy. (*Id.* ¶ 86.)

### 2. The Personal Injury Action

In 2012, Gabrielle Gallagher was involved in an automobile collision, in which Alexis Mongiello ("Mongiello") was injured. (*Id.* ¶ 17.) Mongiello filed a personal injury suit against Gabrielle Gallagher (the "Personal Injury Action"). (*Id.* ¶ 18.) On June 21, 2017, a jury returned a verdict against Gabrielle Gallagher for $1,800,000. (*Id.* ¶ 20.)

Prior to the verdict, neither Richards nor the Gallaghers informed Mercury or Gabrielle Gallagher's defense counsel of the Great Northern Policy. The Gallaghers informed Gabrielle Gallagher's defense counsel of the Great Northern Policy only after the verdict was returned. (*Id.* ¶¶ 21–22.) On June 22, 2017, Great Northern learned of the Personal Injury Action. (*Id.* ¶ 23.)

On June 27, 2017, the Superior Court of New Jersey entered an Order of Judgment against Gabrielle Gallagher for $1,800,000. (*Id.* ¶ 24.) On August 18, 2017, the court entered an Amended Order of Judgment for $2,041,326.50 (the "Judgment"). (*Id.* ¶ 25.) On August 21, 2017, counsel for Gabrielle Gallagher filed a notice of appeal. (*Id.* ¶ 26.) On October 26, 2017, the court stayed the appeal on the condition Gabrielle Gallagher post a supersedeas bond. (*Id.* ¶ 27.) Mercury posted the bond, to which Great Northern refused to contribute. (*Id.* ¶¶ 28–29.) The appellate court affirmed the judgment on February 26, 2019. (*Id.* ¶ 30.) The New Jersey Supreme Court denied the petition for certification. (*Id.* ¶¶ 31–32.)

On June 4, 2019, the Gallaghers assigned to Mercury all rights, claims, and causes of action they had against Great Northern and Richards. (*Id.* ¶ 34.) Pursuant to the Mercury agreement, Mercury satisfied the $2,242,577.85 Judgment against Gabrielle Gallagher. (*Id.* ¶ 35.)

### B. Procedural History

On June 26, 2019, Mercury filed a Complaint against Great Northern, alleging breach of contract (*id.* ¶¶ 37–51), breach of the implied covenant of good faith and fair dealing (*id.* ¶¶ 52–62), contribution (*id.* ¶¶ 63–67), contractual subrogation (*id.* ¶¶ 68–73), and equitable subrogation (*id.* ¶¶ 74–78). Mercury also alleges against Richards breach of contract (*id.* ¶¶ 79–93), professional negligence and insurance producer malpractice (*id.* ¶¶ 94–104), and breach of fiduciary duty (*id.* ¶¶ 105–116). Thereafter, Richards and Great Northern filed the instant motions.

## II. <u>LEGAL STANDARD</u>

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Malleus v. George*, 641 F.3d 560, 563 (3d. Cir. 2011). "First, the court must '[take[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court must "[review] the complaint to

4

strike conclusory allegations[.]" *Id.* The court must accept as true all the plaintiff's well pleaded factual allegations and "construe the complaint in the light most favorable to the plaintiff[.]" *Fowler v. UMPC Shadyside*, 578 F.3d 210 (3d. Cir. 2009) (citation omitted). In doing so, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, the court must "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

## III. DISCUSSION

### A. Richards's Motion to Dismiss

#### 1. Breach of Fiduciary Duty

Richards moves to dismiss Mercury's breach of fiduciary duty claim because New Jersey does not recognize the claim as a separate cause of action. (Richards's Moving Br. 8–10 (citing *Trusted Transp. Sols., LLC v. Guar. Ins. Co.*, No. 16-7094, 2018 WL 2926167, at *3–4 (D.N.J. June 11, 2018) (dismissing breach of fiduciary duty claim against insurance broker where the plaintiff also pleaded a claim of negligence or broker malpractice)), ECF No. 7-1.)

Mercury argues that New Jersey courts permit a separate claim for breach of fiduciary duty against an insurance broker. *See Triarsi v. BSC Grp. Servs., LLC*, 27 A.3d 202, 208–09 (N.J. Super. Ct. App. Div. 2011) (stating that "[a]n insurance producer acts in a fiduciary capacity in the conduct of his or her insurance business" and "[a]n agent is subject to liability for loss caused to the principal by any breach of duty").

Under New Jersey law, insurance brokers owe a fiduciary duty to insureds. N.J. Admin. Code § 11:17A-4.10; *President v. Jenkins*, 814 A.2d 1173, 1185 (N.J. Super. Ct. App. Div. 2003), *aff'd in part, rev'd on other grounds*, 853 A.2d 247 (N.J. 2004). But this does not equate to a

5

standalone cause of action for breach of fiduciary duty. "To the extent an insurance broker owes a 'fiduciary duty' to an insured, such duty arises only in the context of a broker malpractice []or negligence claim." *Trusted Transp.*, 2018 WL 2926167, at *4 (citing *Triarsi*, 27 A.3d at 208).

Here, Mercury brings a claim for professional negligence and insurance producer malpractice (Compl. ¶¶ 94–104) as well as a claim for breach of fiduciary duty (*id.* ¶¶ 105–116) against Richards. Accordingly, the Court dismisses Mercury's breach of fiduciary duty claim because that claim is subsumed within the claim for negligence and insurance producer malpractice.

### 2. Breach of Contract

Next, Richards moves to dismiss Mercury's breach of contract claim because Mercury failed to plead "the basic elements of a contract" and "failed to identify any damages suffered by the Gallaghers as a result of the alleged breach." (Richards's Moving Br. 10–11.) To state a prima facie case for breach of contract, a plaintiff must plead: (1) "that the parties entered into a contract containing certain terms"; (2) "that [the plaintiff] did what the contract required [it] to do"; (3) "that [the defendant] did not do what the contract required [it] to do, defined as a breach of the contract"; and (4) "that [the defendant's] breach, or failure to do what the contract required, caused a loss to the plaintiff." *Globe Motor Co. v. Igdalev*, 139 A.3d 57, 64 (N.J. 2016) (internal quotation marks omitted) (citation omitted).

Here, Mercury alleges that "[Richards] and the Gallaghers entered into an agreement in which [Richards] agreed to act as an insurance broker for the Gallaghers and to procure insurance for the Gallaghers that would adequately and properly protect them from liability." (Compl. ¶¶ 80–81); that the "Gallaghers have performed their contractual obligations under their agreement with [Richards]." (*id.* ¶ 91); that Richards violated the agreement by procuring insurance that allowed a $250,000 gap in coverage and by failing to notify Great Northern of the Personal Injury

6

Action in a timely manner on behalf of the Gallaghers (*id.* ¶¶ 82–90); and that the "Gallaghers suffered damages as a result of each breach by [Richards]" (*id.* ¶ 92). Mercury also asserts that, as the Gallaghers' assignee, it is entitled to assert a claim for breach of contract on their behalf. (*Id.* ¶ 93.) Accepting as true these factual allegations and reading them in the light most favorable to Mercury, *see Phillips*, 515 F.3d at 233, the Court finds that Mercury has adequately pleaded the elements of a breach of contract claim sufficient to survive a motion to dismiss. Accordingly, the Court denies Richards's motion to dismiss the breach of contract claim.

### 3. Immunity

Richards argues dismissal is warranted under the state statute immunizing insurers and producers of insurance from liability for insuring people in excess of the minimum of coverage unless it is the result of a "willful, wanton[,] or grossly negligent . . . commission or omission." N.J. Stat. Ann. § 17:28-1.9. Richards argues that since its actions were not willful, wanton, or grossly negligent, it is immune from suit. (Richards's Moving Br. 23.) Mercury responds that the statute was intended to protect insurers or producers from being held liable when individuals choose to purchase a low level of motor insurance in an effort to save money and "later try to hold an insurer or insurance producer liable for the failure to recommend higher limits than those required by law." (Pl.'s Opp'n Br. to Richards's Mot. 39 (citation omitted), ECF No. 11.)

Both parties rely on *Pizzullo v. New Jersey Manufacturers Insurance Co.*, 952 A.2d 1077, 1087 (N.J. 2008), in which the New Jersey Supreme Court held that the New Jersey legislature intended Section 17:29-1.9 to provide immunity to insurers where the insured "attempts to later shift the blame for a decision to opt for any level of coverage less than the maximum back onto the insurer, as long as the insurer has complied with its obligations" to inform the insured of the availability of possible limits required by statute. The court held that an insurer was not entitled to

immunity, however, where an insurer failed to provide a higher level of coverage chosen by the insured. *Id.* at 1088.

Here, as in *Pizzullo*, Richards is not entitled to immunity because Mercury seeks to enforce the Gallaghers' choice to protect themselves with a higher level of coverage. (Compl. ¶¶ 80, 86.) The Court, therefore, finds that Richards is not immune from suit under Section 17:28-1.9.

## B. Great Northern's Motion to Dismiss

### 1. Breach of Contract

Great Northern argues that Mercury's breach of contract claim should be dismissed because Mercury cannot prove that the Gallaghers have suffered damages. (Great Northern's Moving Br. 8–11, ECF No. 9-1.) Great Northern argues that, because the rights of a subrogated insurer can rise no higher than the rights of its insured and because Mercury entered into an agreement with the Gallaghers to pay—and did pay—the Judgment, Mercury is unable to demonstrate that the Gallaghers suffered damages. (*Id.*) Mercury responds that the proper inquiry is whether the Gallaghers were damaged by, and could have recovered from, Great Northern prior to assigning their rights to Mercury. (Pl.'s Opp'n to Great Northern Mot. 12–13, ECF No. 18.)

The Court finds that at this stage, Mercury has sufficiently pleaded damages. "The general rule for the admeasurement of damages consequent upon a breach of contract is the loss directly and naturally ensuing from the breach in the ordinary course of events." *Tousley v. Atl. City Ambassador Hotel Corp.*, 50 A.2d 472, 474 (N.J. 1947). The Gallaghers were insured by Great Northern for an excess policy attaching at $500,000. (Compl. ¶ 14.) The Judgment entered against Gabrielle Gallagher was for $2,041,326.50, a sum in excess of $500,000. (*Id.* ¶ 25.) Before assigning their rights to Mercury, the Gallaghers were liable for the Judgment, a portion of which Great Northern potentially bore contractual liability. It is naturally consequent from Great Northern's refusal to pay a portion of the Judgment that Mercury, as primary insurer, would pay

8

the Judgment and seek damages from Great Northern. For these reasons, the Court denies Great Northern's motion to dismiss the breach of contract claim.

### 2. Breach of the Implied Covenant of Good Faith and Fair Dealing

Great Northern argues that, to state a cause of action for breach of the implied covenant of good faith and fair dealing ("bad faith"), the plaintiff must allege "the absence of a reasonable basis for denying benefits of the policy[] and the defendant's knowledge or reckless disregard of the lack of a reasonable basis for denying the claim." (Great Northern's Moving Br. 11 (quoting *Carevel, LLC v. Aspen Am. Ins. Co.*, No. 13-7581, 2016 WL 6775647, at *5 (D.N.J. Nov. 15, 2016)).) Great Northern argues that "[n]either negligence nor mistake is sufficient to show bad faith." (*Id.* at 11–12 (quoting *Enright v. Farm Family Cas. Ins. Co.*, No. 03-4850, 2005 WL 3588485, at *8 (D.N.J. Dec. 29, 2005)).) Great Northern states that it was reasonable for it to limit coverage where it was notified of an action after the verdict was rendered. (*Id.* at 12.) Great Northern asserts that it had "a reasonable basis on which to reserve its rights to investigate and deny coverage" because the Gallaghers failed to notify Great Northern of the Personal Injury Action in violation of "the Great Northern Policy's Notification, Assistance[,] and Cooperation Provisions." (*Id.* (citing Compl. ¶ 43).)

Here, Great Northern fails to meet its "burden of showing that no claim has been presented." *Hedges*, 404 F.3d at 750. Great Northern cites the *Carevel* and *Enright* decisions, but those cases discuss the burden of succeeding on a bad faith claim at summary judgment. Great Northern fails to cite any relevant precedent dismissing a bad faith claim upon a motion to dismiss. Accordingly, the Court denies Great Northern's motion to dismiss Plaintiff's bad faith claim.

## C.     Great Northern's Motion to Stay and Sever

Great Northern alternatively moves to sever Plaintiff's bad faith claim pursuant to Rule 21 and stay discovery on the claim pursuant to Rule 26(d)(2) pending resolution of Plaintiff's breach of contract claim. (Great Northern's Moving Br. 14–19.)

Rule 21 concerns "misjoinder and nonjoinder of parties." The Rule provides that "the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Severed claims "become entirely independent actions to be tried, and judgment entered thereon, independently." Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2387 (3d ed.); *see Rodin Props. Shore Mall, N.V. v. Cushman & Wakefield of Pa., Inc.*, 49 F. Supp. 2d 709, 721 (D.N.J. 1999) (stating that severing claims under Rule 21 would "transform the claims into an entirely independent action with an independent case number and an independent judgment"). In deciding whether to sever a claim, a court considers:

> (1) whether the issues sought to be tried separately are significantly different from one another, (2) whether the separable issues require the testimony of different witnesses and different documentary proof, (3) whether the party opposing the severance will be prejudiced if it is granted, and (4) whether the party requesting severance will be prejudiced if it is not granted.

*Twin City Fire Ins. Co. v. Ovation Fund Servs., LLC*, No. 18-14944, 2019 WL 1275060, at *3 (D.N.J. Mar. 20, 2019).

Great Northern argues it is common practice to sever and stay the discovery of bad faith claims. It relies principally on cases resulting from Superstorm Sandy in the District of New Jersey, *see, e.g., Bridgewater Wholesalers, Inc. v. Pa. Lumbermens Mut. Ins. Co.*, No. 14-3684, 2015 WL 6737021 (D.N.J. Nov. 2, 2015); *Beachfront N. Condo. Ass'n, Inc. v. Lexington Ins. Co.*, No. 14-6706, 2015 WL 3879665 (D.N.J. June 24, 2015); *Riverview Towers Apartment Corp. v. QBE Ins. Co.*, No. 14-6744, 2015 WL 1886007 (D.N.J. Apr. 17, 2015), but not all cases discuss

severance under Rule 21, *see Port Liberte Homeowners Ass'n, Inc. v. Lexington Ins. Co.*, No. 16-7934, 2017 WL 1528697 (D.N.J. Apr. 25, 2017).

Here, the Court finds severance of the bad faith claim under Rule 21 inappropriate. The bad faith claim is not so "significantly different" from the other claims against Great Northern that it must be severed. Moreover, the relief Great Northern seeks—avoiding discovery into the bad faith claim—if appropriate, can be accomplished by staged discovery without severing the claim entirely. Great Northern may raise discovery-related requests before the Honorable Lois H. Goodman, U.S.M.J., at the appropriate time. The Court, accordingly, denies Great Northern's motion to sever and stay Plaintiff's bad faith claim.

## IV. CONCLUSION

For the reasons set forth above, the Court dismisses Count VIII of the Complaint, Mercury's breach of fiduciary duty claim against Richards. The Court otherwise denies Richards's motion to dismiss and alternative motion for summary judgment. The Court also denies Great Northern's motion to dismiss and alternative motion to stay and sever the bad faith claim. The Court will enter an Order consistent with this Memorandum Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**